# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                  )
     v.                   )     ID # 1506018431
                                  )
STEPHANIE M. DESOLA,     )
                                  )
    Defendant.          )

March 3, 2017

On Defendant Stephanie M. Desola's
Motion for Postconviction Relief.  **DENIED.**

## <u>ORDER</u>

Joseph Grubb, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Stephanie M. Desola, *pro se* Defendant.

**SCOTT, J.**

On this **3rd** day of **March**, 2017, upon consideration of Defendant's Motion for Post-conviction Relief and the Commissioner's Report, the Recommendation that Defendant's Motion for Post-conviction Relief Should be Denied, and the record in this case, it appears that:

1. On July 2, 2015, as a result of investigation by the FBI and IRS, Defendant was charged with one count of Theft over $50,000 from her employer Chesapeake Insurance Advisors, in violation of 11 *Del. C.* § 841(c)(3)(a).

2. Defendant's case was transferred from the District Court of Delaware to the Superior Court of Delaware for plea purposes.

3. On July 8, 2015, Defendant plead guilty to one count Theft over $50,000, and was sentenced to five years in at Level Five, suspended for six months at Level Four, followed by one year at Level Three probation.

4. On July 24, 2015, Defendant was granted a sentence modification to remove the Level Four portion of her sentence because she resided in Maryland and therefore was not a candidate for home confinement. Defendant is currently on Level Three probation.

5. Defendant's restitution hearing was held on January 13, 2016. On April 11, 2016 Defendant was required to pay $115,130.97 in restitution to the victims pursuant to a Modified Restitution Order.

6.      Defendant filed her Motion for Postconviction Relief on June 27, 2016, and it was assigned to a Commissioner on July 8, 2016.

7.      Chesapeake Insurance Advisors, Defendant's employer, filed a civil suit against Defendant and her husband in Chancery Court. The matter is pending before Vice Chancellor Laster.

8.      Defendant discharged her attorney, Brian Jordan, in her Chancery Court proceeding as of May 26, 2016.  Mr. Jordan also represented Defendant in the criminal proceedings.

9.      On July 8, 2016, Defendant's Motion was assigned to Commissioner Bradley Manning pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law.

10.     On January 4, 2017, the Commissioner filed a Report and Recommendation that the Defendant's Motion for Post Conviction Relief should be **DENIED**, and the Commissioner also noted it was so lacking in merit it could be Denied and **SUMMARILY DISMISSED** pursuant to Superior Court Criminal Rule 61(d)(5).  No written objections were filed.

**NOW, THEREFORE**, for reasons stated in the Commissioner's Report and Recommendation that Defendant's Motion for Post-conviction Relief should be Denied, as well as responses filed by the State, **IT IS SO ORDERED** that the Commissioner's Report, including its Recommendation, is adopted by the Court.

Defendant, Stephanie M. Desoloa's, Motion for Post-conviction Relief is **DENIED**.

/s/ Calvin L. Scott
_____
The Honorable Calvin L. Scott Jr.